NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NINA ALEKSEEVNA OGANESIAN,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No.   14-72348<br><br>Agency No. A099-452-963<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2016[**]

Before:     O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Nina Alekseevna Oganesian, a native of Armenia and citizen of Bulgaria,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's decision denying her

application for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

The BIA found Oganesian not credible based on inconsistencies between her testimony, her asylum application, and a previous visa application regarding her marital and work history. Substantial evidence supports the BIA's adverse credibility determination. *See id.* at 1048 (adverse credibility finding reasonable under the "totality of circumstances"). In the absence of credible testimony, Oganesian's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). In light of our disposition, we do not reach Oganesian's remaining contentions.

Finally, Oganesian's CAT claim fails because it is based on the same evidence that was found not credible and the record does not otherwise compel the conclusion that it is more likely than not she will be tortured by or with consent or acquiescence of the Bulgarian government. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**

2